Commonwealth *v.* Martin, Appellant.

Argued November 11, 1929.

Before PORTER, P. J.,
TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and
BALDRIGE, JJ.

*F. J. Hartman,* and with him *Robert C. Hoerle,*
for appellant.

*Edward Knuff,* Assistant District Attorney, and
with him *D. P. Weimer,* District Attorney, for ap-
pellee.

14

OPINION BY TREXLER, J., January 29, 1930:

The defendant, Paul Martin, was charged with Clyde Adams with having manufactured intoxicating liquors for beverage purposes, selling, transporting and possessing. The jury found them guilty of possessing and Martin appeals. There was a separate indictment charging conspiracy of which they were acquitted.

The trial judge, inter alia, charged as follows, "Now there is a little other testimony here that you men will remember. There is sufficient testimony to warrant the conviction of both men on both indictments, or your verdicts may result in the conviction of either one or both, or you may acquit one or both, depending upon your conclusions. All the testimony is for you men. It does not matter who the defendants are, who may be concerned for the Commonwealth or who the counsel may be in the case, for when you sit as jurors you do not know any one. You are sworn to decide the case from the testimony that you hear and if you are satisfied of the guilt of the defendants it does not matter who they are. You will take the case and give it your careful consideration. If the Commonwealth has satisfied you of the guilt of the defendants convict either or both of these men, depending upon your conclusions. If the Commonwealth has not satisfied you then acquit them."

When the court said, "if the Commonwealth has satisfied you of the guilt of the defendants convict either or both of these men, depending upon your conclusions," he had already instructed them fully and correctly as to reasonable doubt and the presumption of innocence. These comments must be taken together and the jury knew that the term satisfy was not meant in any undefined sense, but was to be beyond a reasonable doubt.

The remark that "there is sufficient testimony to warrant the conviction of both men on both indict-

ments" was not wrong when joined with the instructions that the decision of the case was for them and that they could acquit or convict depending upon the conclusions they reached. In every criminal case, the alternative is presented to the jury, they can convict, or they can acquit. If the first proposition which the court stated in the language just quoted is not present in any criminal case, the trial is ended by the court giving instructions in favor of the defendant.

The other objection urged by the appellant is that there is not sufficient evidence to convict. The answer to this is found in the opinion of the lower court from which we quote at length: "The testimony introduced upon the part of the Commonwealth was to the effect that Martin, one of the defendants, accompanied another man, whose name was not given, in the purchase of two tanks and a boiler which were delivered to and became a part of the equipment found in the building of the Geisel Moving and Storage Company, in Johnstown, and set up in a plant for the manufacture of intoxicating liquor. The payment of these goods was guaranteed by Martin; and Adams, the other defendant, was an officer in the Geisel Moving and Storage Company, who had charge of the building in which the distilling plant was found. Adams had knowledge of the partitioning off of a part of this building in which the distilling plant was located, and was in and about the building from time to time. In addition to that, certain boxes were built by a carpenter in Ebensburg at the direction of Adams, and hauled by Adams' wagon to the building where the plant was found. Payment of the lumber for these boxes was guaranteed and actually paid by Adams. Upon the occasion of a visit to the building in which this plant was located, on the fifth floor, the party who was going through the building was told by Adams that he could not get on the fifth floor because the C. A. Young Company leased that floor and had goods stored there. It appeared

from the testimony that at this time part of the fifth floor was also used by the Geisel Moving and Storage Company. It was also shown that trucks of Adams had hauled materials to this building which were fit for use in making mash, from which liquor could be finally obtained. When the officers raided the place, they found a complete plant for making whiskey, and a small quantity of liquor in a container sitting on a table. There was also a little liquor in the filter and a fifty gallon barrel under the filter. The gas, which ran the steam boiler, and which was part of the plant, was attached to the general gas line coming into the building. The gas meter, which had been running according to the records a few dollars a month, in February jumped to $39.22. The March bill was $50.87, but the raid on the place was made on March 21st, and the March bill had not been presented for payment. However, the February bill would have been due before that. In addition to the foregoing testimony, some matters of corroboration were presented as the Commonwealth's case, and, because the jury did not find the defendants guilty of manufacturing on this testimony, the defendants contend that they could not be found guilty of unlawful possession of the liquor which was found on the premises. It seems to us the real test to determine whether or not this testimony is sufficient would be found by making the inquiry as to whether or not the testimony offered would have been admissible, competent and sufficient if it had been offered solely for the purpose of showing unlawful possession of liquor by the defendants. Tried by this test, we are of the opinion that all of the testimony which would have shown the defendants aided, abetted and participated in the direction and operation of the plant for manufacturing liquor, followed by the location of the liquor in the same room where the plant was operated, would have been proper evidence to introduce on the part of the Commonwealth if only the

fourth count in the indictment had been under consideration. Just why the jury saw fit to acquit on the one count and convict on the other is a matter which the jurors themselves only know, but in our opinion, the testimony is sufficient to sustain either or both counts in the indictment.''

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.